IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY L. BURGETT, ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) TREASURY, INTERNAL REVENUE ) SERVICE, and HENRY M. PAULSON, ) JR., SECRETARY OF THE ) TREASURY ) ) Defendants. ) | No. 07 C 5691 Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Beverly L. Burgett ("Burgett") brings this action against the United States Department of Treasury, Internal Revenue Service (the "IRS"), and Henry M. Paulson Jr., Secretary of the Treasury ("Paulson"), (collectively "Defendants").[1] Burgett alleges race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (R. 36, Second Am. Compl.) Presently before the Court is Paulson's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the reasons stated below, the motion for summary judgment is granted.

---

[1] The only proper defendant in an employment discrimination suit brought against a federal employer is the head of that agency. *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984); *Ruben v. Potter*, No. 06 C 2441, 2007 U.S. Dist. LEXIS 76537, at *6 (N.D. Ill. Sept. 28, 2007). Accordingly, Paulson is the only appropriate defendant, and all other defendants are dismissed.

1

## RELEVANT FACTS[2]

Burgett was employed as a secretary with the IRS in Chicago. (R. 47, Def.'s Facts ¶ 1.) In March 2007, Burgett was discharged from her position based on two events: (1) an April 11, 2006, workplace altercation with officers of the Federal Protective Service ("FPS") which culminated in Burgett's arrest and conviction for disorderly conduct and battery;[3] and (2) a February 6, 2007, incident during which Burgett shouted obscenities into her workplace telephone, then destroyed it by smashing it against her desk. (*Id.* ¶¶ 2, 3, 4, 5, 7.) Burgett appealed her discharge before the Merit Systems Protection Board (the "MSPB").[4] (*Id.* ¶ 8.)

The issue on appeal before the MSPB was whether the IRS's decision to discharge Burgett based on the events described above could be sustained by a preponderance of the evidence. (*Id.* ¶ 9.) In a MSPB form, Burgett checked a box alleging that her discharge was the result of prohibited discrimination. (R. 52, Pl.'s Facts ¶¶ 1, 2.) The MSPB administrative judge issued an order notifying Burgett that she must file a statement of facts and issues, including any and all defenses, before the pre-trial hearing. (*Id.* ¶ 3.) On July 17, 2007, during the pre-hearing

---

[2] The Court takes the undisputed facts from the parties' Local Rule 56.1 Statements. (R. 47, Def.'s Local Rule 56.1 Statement of Material Facts ("Def.'s Facts"); R. 52, Pl.'s Local Rule 56.1 Statement of Material Facts ("Pl.'s Facts").) Although Burgett supplied additional facts in her Rule 56.1 Statement, she failed to respond to Defendant's Facts. (*See* R. 52, Pl.'s Facts.) Accordingly, the undisputed material facts presented by Paulson will be deemed admitted. L.R. 56.1(b)(3)(c); *Ammons v. Aramark Unif. Servs.*, 368 F.3d 809, 817-818 (7th Cir. 2004).

[3] One of the FPS officers testified that he dislocated his shoulder and tore a rotator cuff during the struggle with Burgett. (*Id.* Ex. G at 4.) As a result, he was off of work for six months after the incident. (*Id.*)

[4] The MSPB is an independant quasi-judicial federal administrative agency authorized to review civil service decisions made by various governmental agencies. *Threatt v. Jackson*, No. 06 C 3944, 2008 U.S. Dist. LEXIS 31317, at *20 n.7 (N.D. Ill. Apr. 16, 2008).

conference, the administrative judge noted that Burgett denied the charges against her but failed to raise any affirmative defenses. (R. 47, Def.'s Facts ¶ 10.) The judge warned Burgett that unless she specifically asserted an affirmative defense at the hearing, none would be considered. (*Id.*)

In the August 3, 2007, initial decision, the MSPB administrative judge sustained Burgett's discharge and noted that she failed to testify about or present any evidence that her termination was due to race or gender-based discrimination. (*Id.* ¶ 11.) Burgett then filed a petition for review of the MSPB's initial decision, which was denied in the MSPB's final order on November 14, 2007. (*Id.* Ex. H.)

## PROCEDURAL HISTORY

On October 5, 2007, Burgett filed a *pro se* complaint in this Court alleging violations of Title VII. (R. 1, Compl.) On October 16, 2007, this Court dismissed the complaint without prejudice because it improperly pled multiple causes of action and it was unclear whether Burgett had properly exhausted her administrative remedies. (R. 7, Minute Entry.) On January 10, 2008, the Court appointed counsel to represent Burgett and an amended complaint was filed. (R. 19, Minute Entry; R. 21, Am. Compl.) On May 6, 2008, Burgett's motion to reopen the case was granted. (R. 30, Minute Entry.) On July 23, 2008, Burgett was granted leave to file a second amended complaint. (R. 35, Minute Entry; R. 36, Second Am. Compl.)

Burgett alleges that (1) she was subject to racial harassment during her employment in Defendants' office; (2) Defendants failed to take action to remedy the effects of the discriminatory treatment; (3) she was subject to disparate treatment regarding compensation and promotion compared to non-black and non-female counterparts; and (4) she was unlawfully

3

discharged from her position "based upon false and misleading allegations." (R. 36, Second Amended Compl. ¶ 9.) On December 15, 2008, Paulson moved for summary judgment asserting that Burgett failed to exhaust her administrative remedies before the MSPB, and alternatively, that there is no genuine issue of material fact because Burgett's discharge was due to workplace misconduct. (R. 46, Mem. in Support of Def.'s Mot. for Summ. J. ("Def.'s Mem.") at 1.)

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In ruling on a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all doubts in the non-moving party's favor. *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

## ANALYSIS

Paulson first argues that Burgett filed suit in this Court before the MSPB rendered its final decision and therefore Burgett failed to exhaust her administrative remedies. (R. 46, Def.'s Mem. at 3-4.) Federal employees asserting Title VII claims, must exhaust their administrative remedies before filing a civil action in federal district court. *Doe v. Oberweis Dairy*, 456 F.3d 704, 712 (7th Cir. 2006). The exhaustion doctrine affords administrative agencies the opportunity to investigate and resolve matters internally and to avoid unnecessarily burdening the

courts. *Id.* at 708-09. Exhaustion of administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Therefore, a plaintiff can present equitable reasons for failing to comply with the exhaustion requirements. *Id.*

Although Burgett filed her initial complaint before the MSPB decision became final, the Court dismissed that complaint without prejudice. (R. 7, Minute Entry.) Burgett then filed the MSPB's final decision on November 16, 2007, in accordance with this Court's order. (R. 13.) This subsequent filing perfected the administrative exhaustion and cured the deficiency from the initial complaint. *See Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (concluding that receipt of right-to-sue letter after complaint was filed cured the exhaustion deficiency); *see also Threatt*, 2008 U.S. Dist. LEXIS 31317, at *15 (finding subsequent receipt of final agency decision after filing of the amended complaint perfected the exhaustion requirement). The Court therefore rejects Paulson's argument.

Paulson further argues that Burgett never presented any evidence of illegal discrimination during her MSPB hearing, and therefore the issue was never fully exhausted. (R. 46, Def.'s Mem. at 4.) Burgett, however, argues that by marking the box on the MSPB form that indicated her discharge was the result of prohibited discrimination, she effectively raised discrimination as part of the appeal. (R. 50, Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Mem.") at 2.) Checking a box on a MSPB form complaint without testifying about or presenting any evidence that her termination was due to race or gender discrimination, however, did not adequately set forth a claim of discrimination before the MSPB. *Chaney v. Rubin*, 986 F. Supp. 516, 522 (N.D. Ill. 1997) (finding that the MSPB appeal form did not adequately set forth a claim of

5

discrimination when plaintiff checked the box to indicate race as the basis of discrimination against him, but failed to mention any incident or facts in his narrative of the underlying events which concerned race). Burgett failed to present evidence that race or gender-based discrimination contributed to her discharge. Accordingly, this issue was never exhausted before the MSPB. *See Watson v. Potter*, No. 03 C 4023, 2007 U.S. Dist. LEXIS 36061, at *9-11 (N.D. Ill. May 15, 2007) (finding in favor of Defendant on all aspects of Title VII claim because plaintiff had not presented evidence to establish discrimination claim to EEO).

Although not raised in the complaint, Burgett now argues that the cause of the unresolved discrimination claim was the administrative judge's failure to apprise her, as a *pro se* appellant, of her burden in the MSPB hearing. (R. 50, Pl.'s Mem. at 3.) Even under the relaxed standards governing *pro se* pleadings, however, exhaustion of administrative remedies is still required. *Morgan v. Center for New Horizons, Inc.*, No. 03 C 7323, 2004 U.S. Dist. LEXIS 4885 (N.D. Ill. Mar. 12, 2004) (dismissing a *pro se* complaint because allegations were not first raised in plaintiff's EEOC charge). Moreover, the MSPB administrative judge notified Burgett that she must raise any affirmative defenses. (R. 51, Ex. D at 9.) The record reflects that the administrative judge repeatedly asked Burgett if there were any other issues that she wanted to address with regard to her termination. (*Id.*) Burgett did not mention the issue of discrimination until after the MSPB hearing when the court reporter was preparing to leave. (*Id.*) Even then, Burgett did not discuss any evidence but instead told the administrative judge that "it didn't matter anyway as the evidence showed that the agency had already made up its mind about her after the first incident." (*Id.* at 10.) Based on the above, Burgett failed to exhaust her administrative remedies with regard to the issue of discrimination.

Even if Burgett's claim was not barred by the exhaustion requirement, summary judgment must still be granted in favor of Paulson because Burgett is unable to make out a *prima facie* case of discrimination. To establish a *prima facie* case of discrimination Burgett must show that: (1) she was a member of a protected class; (2) she was meeting Defendants' legitimate performance expectations; (3) she suffered an adverse employment action; and (4) Defendants treated similarly situated employees outside of the protected class more favorably. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). A similarly situated employee is an employee directly comparable to the plaintiff in all material aspects. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 923 (7th Cir. 2007). Factors to consider when determining if employees are similarly situated include whether the employees have the same job description and supervisor, are subject to the same standards and have comparable experience, education and qualifications. *Id.*

Burgett has not shown that a similarly situated employee outside of her protected class was treated more favorably. Burgett merely alleges that the IRS official that decided to discharge her proposed a 15-day suspension for a caucasian male IRS agent convicted of a misdemeanor offense for growing marijuana in his home. (*See* R. 50, Pl.'s Mem. at 6; R. 51, Ex. E at 20.) The incident with the IRS agent, however, was only in the investigation phase, and IRS officials had yet to make a final decision regarding disciplinary action. (R. 51, Ex. E at 16.) Furthermore, an IRS agent being investigated but not disciplined for a marijuana offense is not similarly situated to Burgett, a secretary terminated for misconduct after being found guilty of disorderly conduct and battery on federal officers during a workplace altercation. Accordingly, Burgett is unable to establish a *prima facie* case of discrimination and her Title VII claim therefore fails.

## CONCLUSION

For the foregoing reasons, Paulson's motion for summary judgment (R. 45) is granted.

The Clerk of the Court is directed to enter judgment in favor of Paulson and against Burgett.

Entered:

Judge Ruben Castillo
United States District Court

Dated: March 23, 2009